AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **John Gould** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:03CR02274-001JB** |
| | USM Number: **26332-051** |
| | Defense Attorney: **Stephen Aarons, Appointed** |

THE DEFENDANT:

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☒ after a plea of not guilty was found guilty on count(s) **SI, SII, SIII and SIV of Indictment**

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 242 | Deprivation of Rights Under Color of Law | 10/16/2002 | SI |
| 18 U.S.C. Sec. 1512(b)(3) | Witness Tampering | 10/17/2002 | SII |
| 18 U.S.C. Sec. 242 | Deprivation of Rights Under Color of Law | 03/22/2004 | SIII |
| 18 U.S.C. Sec. 1512(b)(3) | Witness Tampering | 03/23/2004 | SIV |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 6, 2009**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 19, 2011**

Date Signed

Case 1:03-cr-02274-JB   Document 440   Filed 01/19/11   Page 2 of 7

Date Signed

Defendant: **John Gould**
Case Number: **1:03CR02274-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **97 months**.

**A term of 97 months is imposed as to each Counts SI, SII, SIII and SIV; said terms shall run concurrently for a total term of 97 months.**

Defendant John Gould`s offense level is 33 and the criminal history category is I, establishing a advisory guideline range of 135 to 168 months. Pursuant to U.S.S.G. § 5G1.1, however, the guideline imprisonment range is 120 months. The Court has carefully considered the guidelines and other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After considering the arguments and the record before it, and having thought extensively about an appropriate sentence, the Court does not believe the punishment set forth in the guidelines is appropriate for the conduct for which Gould was convicted. The Court therefore believes some downward variance is appropriate.

In imposing a sentence, the Court has taken into consideration Gould`s profession as a lieutenant at the Dona Ana County Detention Center, which was a dangerous one, and which required him to maintain order and keep a facility safe while working with many dangerous and psychotic individuals. The penal system is relatively dangerous, both to inmates and to prison officials. Reviewing incidents involving other inmates, it is apparent that, while Gould made a mistake in the two cases for which he was convicted, he was largely dedicated to upholding the law. The Court believes the sentence should therefore reflect the good Gould has done in his life, and should take into account that he is not a danger to society at large, though he may have qualities that make him a danger to those in the corrections system. By removing him from a position in the corrections system, that danger is eliminated. Because he has been removed from the circumstances in which he poses a danger, the need for the sentence to reflect adequate deterrence specific to Gould is reduced.

Furthermore, the actions that Gould took should be viewed in their proper context. The incidents did not occur in calm situations. Corrections officers are responsible for the health and safety of many people. As they respond to difficult situations involving potentially dangerous inmates, the officers must strike a delicate balance. The sentence should reflect the context in which the conduct occurred.

At the same time, while the Court sees the need to temper the guidelines to some extent, the Court does not believe a large variance is appropriate. The crimes were cruel and excessive, and resulted in violations of inmates` and prisoners` civil-rights. Congress has instructed that these crimes should be taken seriously in the civil rights context. A large variance would cut against Congress` determination regarding the seriousness of these crimes.

Given those considerations, the Court believes a sentence of 97 months is appropriate. Gould entered into a plea agreement that stipulated to an offense level of 29. See Plea Agreement of Defendant John Gould, filed May 13, 2005 (Doc. 139). An offense level of 29 and a criminal history category of I establishes an advisory guideline range of 87 to 108 months. Gould later moved to withdraw his guilty plea, and the Court granted his motion on May 25, 2006. Although Gould certainly had a right to a trial, see Florida v. Nixon, 543 U.S. 175, 187 (2004), and should not in any way be punished for exercising his constitutional right to trial, Gould`s motion to withdraw his guilty plea shows that he has not fully accepted responsibility for his criminal conduct. The Court believes that a sentence at the lower end of the advisory guideline range resulting from a variance of about 3 levels to an offense level of 30 -- 97 to 121 months -- produces a more appropriate range. A sentence of 97 months is certainly long enough to reflect the seriousness of the offense. Such a sentence also affords specific deterrence to Gould, and is serious enough to provide general deterrence to others who might be tempted to commit similar crimes. The sentence adequately protects the public, especially given that Gould is largely a danger only to inmates and prisoners, and he is unlikely to be placed in a similar position again. A 97-month sentence also is long enough to promote respect for the law.

At the same time, the sentence is sufficient, without being excessive, in achieving these objectives. The 120-month sentence that the guidelines provide would be, in the Court`s view, excessive. Thus, the Court believes the 97-month sentence properly reflects the factors set forth in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient,

**but not greater than necessary, to comply with the purposes of section 3553(a)(2)."(citation omitted), the Court believes that this sentence is a reasonable sentence. The Court concludes that this sentence is sufficient without being grater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.



UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **John Gould**
Case Number: **1:03CR02274-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

**A term of 2 years is imposed as to each of Counts SI, SII, SIII and SIV; said terms shall run concurrently for a total term of 2 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **John Gould**
Case Number: **1:03CR02274-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant will have no contact with the victims at anytime.**

Defendant: **John Gould**
Case Number: **1:03CR02274-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | $400.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or

B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**No restitution has been identified in this case, therefore, no restitution will be ordered at this time.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.